UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL L. USHERY, JR.,** : | |
| Petitioner : | CIVIL ACTION NO. 3:20-1466 |
| v. : | (JUDGE MANNION) |
| **H. QUAY, Warden,** : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Daniel Ushery ("Petitioner"), an inmate currently confined in the United States Penitentiary, Thompson, Illinois, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He claims that "on 12-16-19 the DHO Kevin Bittenbender incorrectly calculated [his] combined account balance and imposed an erroneous inflated monetary fine in violation of VOP policy, P.S. 5270.09." Id. He requests that this Court "vacate erroneous fine and have said amount reimbursed to Petitioner's inmate account" and "determine of [his] rights under the Due Process Clause of the U.S. Constitution have been violated." Id.

Following an order to show cause, (Doc. 5), Respondent filed a response on September 9, 2020. (Doc. 6). Although provided an opportunity to file a traverse, (See Doc. 9), the Court finds the jurisdictional defect cannot

be overcome by Petitioner. Accordingly, for the reasons that follow, the Court will dismiss the petition.

## I. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the balance in his inmate account is a challenge to his conditions of his confinement and is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully as a result of his conviction. Rather, Petitioner seeks to have the alleged erroneous deductions redeposited into his inmate account. Such claim, however, does not legally affect the length of his sentence. Therefore, his claims are not properly asserted in a habeas petition brought under 28

U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. His actual claims do not lie at the "core of habeas" in that they do not challenge the fact or length of a sentence or confinement. Therefore, they are not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Ushery may have to reassert his claim in a properly filed civil rights complaint.

## II. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 8, 2020**
20-1466-01

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).